Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 384 | **DATE** | 6/1/2000 |
| **CASE TITLE** | Lance Lhotka vs. Ford Motor Company | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

| | | |
|---|---|---|
| (1) | ☐ | Filed motion of [ use listing in "Motion" box above.] |
| (2) | ☐ | Brief in support of motion due _____. |
| (3) | ☐ | Answer brief to motion due_____. Reply to answer brief due_____. |
| (4) | ☐ | Ruling/Hearing on _____ set for _____ at _____. |
| (5) | ☐ | Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (6) | ☐ | Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____. |
| (7) | ☐ | Trial[set for/re-set for] on _____ at _____. |
| (8) | ☐ | [Bench/Jury trial] [Hearing] held/continued to _____ at _____. |
| (9) | ☐ | This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2). |
| (10) | ■ | [Other docket entry] Enter Memorandum Opinion and Order. Plaintiff's motion to remand case to Circuit Court of Cook County [4-2] is granted. This case is hereby remanded to the Circuit Court of Cook County. |
| (11) | ■ | [For further detail see order attached to the original minute order.] |

*Remanded 6-16-00*

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 2 2000 | |
| | Notified counsel by telephone. | | date docketed | 17 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | | | date mailed notice | |
| RO | courtroom deputy's initials | 00 JUN -1 PM 3:50 Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUN 2 - 2000

LANCE LHOTKA, individually and on behalf )
of others similarly situated,              )
                                           )
                Plaintiffs,                )    No. 00 C 384
                                           )
        v.                                 )    Judge Ruben Castillo
                                           )
FORD MOTOR COMPANY,                        )
                                           )
                Defendant.                 )

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Plaintiff Lance Lhotka's motion for remand to state court. For the reasons discussed below, the motion is granted.

## RELEVANT FACTS

Lance Lhotka originally brought this suit against Ford Motor Company in Illinois state court, alleging that Ford violated the Illinois Consumer Fraud Act and the Michigan Consumer Protection Act. Lhotka also charges Ford with breach of contract and seeks declaratory relief. The case was filed on behalf of all persons and entities who bought or leased model year 1994-95 Ford vehicles with 3.8 liter engines who suffered damage as a result of the engine's premature head gasket failure.[1] Ford timely removed the suit to this Court on January 20, 2000, and Lhotka now seeks to remand the case to the Circuit Court of Cook County.

---

[1] Lhotka has not moved to certify the class. Our references to "Plaintiffs" in this opinion should not be construed to signify that we have decided whether class certification would be proper.



## I. Legal Standard

Under 28 U.S.C. § 1441, a defendant may remove an action from state court to federal court if the federal court would have had jurisdiction over the lawsuit as originally filed by the plaintiff. Under § 1447(c), however, the action must be remanded to state court if it appears that the district court lacks subject matter jurisdiction. The burden of establishing federal jurisdiction rests on the party seeking to remove the case. *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7th Cir. 1993). Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Any doubts regarding jurisdiction should be resolved in favor of remanding the action to state court. *Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976).

## II. The Jurisdictional Minimum Is Not Satisfied[2]

The parties agree that there is diversity between the named plaintiff and Defendant, but dispute whether the $75,000 minimum amount in controversy required for diversity jurisdiction has been met. Because Plaintiffs' requested damages, alone, do not meet the jurisdictional minimum, both parties focus on the value of the declaratory relief requested in Count V. Ford argues "it would cost Ford more than $75,000 to comply with plaintiff's request for declaratory relief directing Ford to extend its warranties, and to identify and notify vehicle owners of these new warranties." (R. 14, Def.'s Opp'n to Remand at 5.) Plaintiffs, on the other hand, assert that we should not determine the amount in controversy by considering the cost to Ford of the requested declaratory relief.

---

[2] Both sides agree that the parties are diverse; only the jurisdictional amount is in controversy.

Generally, Plaintiffs' claims are not aggregated for purposes of determining the amount in controversy:

> [S]eparate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement [unless the] . . . plaintiffs unite to enforce a single title or right in which they have a common and undivided interest.

*Snyder v. Harris*, 394 U.S. 332, 335 (1969). The Seventh Circuit recently applied *Snyder* to a class action in which the plaintiffs sought to enjoin an alleged price-fixing conspiracy involving drug manufacturers. *In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599 (7th Cir. 1997). The *Brand Name* Court explained that "[w]hatever the form of relief sought, each plaintiff's claim must be held separate from each other plaintiff's claim from both the plaintiff's and the defendant's standpoint." *Id.* at 610. The court pointed out that "[t]he question [is] . . . whether each plaintiff is asserting an individual right or, rather, a right to an undivided interest in something," in which case, their claims may be aggregated. *Id.*

An interest is common and undivided where "only the class as a whole is entitled to the relief requested." *Poindexter v. National Mortgage Corp.*, No. 91 C 4223, 1991 WL 278454, at *2 (N.D. Ill. Dec. 23, 1991) (citing *Griffith v. Sealtite Corp.*, 903 F.2d 495, 498 (7th Cir. 1990)); *see also Loizon v. SMH Societe Suisse de Microelectronics, et Horologerie SA*, 950 F. Supp. 250, 253 (N.D. Ill. 1996) (common and undivided interest established where "plaintiffs' claims derive from rights which they hold in group status" and "only the class as a whole is entitled to the relief requested"). On the other hand, "[c]laims are separate and distinct when the class members can individually bring a separate action without affecting the rights of other class members." *Hayes v. Fireman's Fund Mortgage Corp.*, No. 91 C 4544, 1991 WL 255529, at *3 (N.D. Ill.

Nov. 25, 1991). For example, "[w]here named plaintiffs and class members are attempting to obtain individual payments from the defendant, or other relief to which any single one of them would be entitled, their rights are 'separate.'" *Poindexter*, 1991 WL 278454, at *2.

In this case, Ford argues that Plaintiffs' claims are common and indivisible because they are seeking an injunction requiring Ford to implement a service program to administer warranty extensions. We begin by noting Ford's misunderstanding or mischaracterization of Plaintiffs' request for declaratory relief. Plaintiffs do not request warranty extensions, but instead "seek[] a declaration that the time-limitations in Ford's written warranties concerning the head gasket are unenforceable." (R. 12, Pl.'s Mot. to Remand, Ex. A, Class Action Compl. at ¶ 89; R. 15, Pl.'s Reply at 6.) At no point in their request for relief do Plaintiffs demand, as Ford suggests, a far-reaching and expensive service program. We must give deference to Plaintiffs' stated request for relief. It is axiomatic that "a plaintiff is in the best position to know how much his claim is worth, and we deem a plaintiff's request for damages to have been made in good faith." *Shaw*, 994 F.2d at 366; *Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("the party who brings a suit is master to decide what law he will rely on"). Ford cannot craft a broad-reaching service program and claim that it is required by Plaintiffs' request for relief when Plaintiffs never demanded such a remedy nor is it clear to this Court that such a program is essential to satisfy Plaintiffs' request for declaratory relief.

Moreover, in this case, each plaintiff has his own contract with Ford and can assert his rights individually without affecting the rights of any other putative class member. Ford could grant the relief sought – voiding the time limits – individually, and the value of such relief would be negligible. Indeed, as Judge Leinenweber noted, "[w]here relief is sought for the breach of

4

separately negotiated instruments, it is difficult, if not impossible, to imagine how the interest to be vindicated could be characterized as a common interest belonging to the group alone rather than to the individual plaintiffs." *Poindexter*, 1991 WL 278454, at *2.

Ford cites a number of cases from this District in arguing that the cost of the injunction, aggregated for all Plaintiffs, satisfies the jurisdictional minimum. The cases Ford relies on, however, are easily distinguished from this one. First, in *Jacobson v. Ford Motor Co.*, No. 98 C 742, 1999 WL 966432 (N.D. Ill. Sept. 30, 1999), the plaintiff, on behalf of a class, sued Ford for providing illegal secret warranties, *i.e.* providing some customers with goodwill service but denying it to others. The plaintiff sought declaratory judgment that Ford's <u>general</u> practice of providing goodwill service on a case by case basis was illegal, "not just that defendants illegally refused to provide free repaints (or other free service) to some purchasers." *Id.* at 3. Specifically, the *Jacobson* class sought declaratory judgment "directing defendants to account for all secret warranties and payments . . . as well as the appointment of an officer to administer and distribute the funds to the members of the Class." *Id.* (quotations omitted). The court held that the relief the plaintiff sought constituted a common and undivided interest of the class as a whole. Here, on the other hand, Plaintiffs do not seek such broad relief affecting the class as a undivided whole. Plaintiffs do not attack Ford's <u>general</u> practice with regard to warranties, but only seek redress for those individuals who have suffered damage as a result of the time limit contained in each individual's warranty. In addition, Plaintiffs in the instant case have not requested that an officer be appointed (or that a service program be put into place) to administer the relief to the class.

*Tylka v. Gerber Prods. Co.*, No. 96 C 1647, 1998 WL 92167 (N.D. Ill. Feb. 18, 1998) is also easily distinguished. In *Tylka*, "at the time of removal, at least one named Plaintiff sought

5

injunctive relief in excess of [the jurisdictional minimum]." *Id.* at *2. Thus, as the court pointed out, no aggregation of claims occurred. In addition, the *Tylka* plaintiffs, themselves, "originally demanded 'corrective marketing, publicity, and advertising,'" and the court concluded that "Plaintiffs now will not be heard to complain that the injunctive relief sought should only cost Defendant enough to preclude federal jurisdiction." *Id.* In the instant case, Plaintiffs have not requested such costly publication, nor does it seem necessary because Ford's contracts with each of the potential class members likely eliminates any need for widespread publication. Furthermore, Ford has not submitted any evidence that identification through publication is necessary.

Finally, *Loizon* is also distinguishable. In *Loizon*, the defendants did not have records of who the potential plaintiffs, certain purchasers of the defendant's watches, were. The court held that putative class members had a common and undivided interest in the injunctive relief requested, *i.e.* notification, which required widespread publication to the class of the potential radiation dangers from the watch. *Loizon*, 950 F. Supp. at 254. *Loizon* is distinguishable because, there, only the class as a whole was entitled to the injunctive relief. In this case, Plaintiffs' claims cannot be aggregated to meet the jurisdictional minimum amount.[3] Therefore, we remand the case to state court.

---

[3] Because we have found that the amount in controversy has not been met, even when taking into consideration Count V, *i.e.* Plaintiffs' requested declaratory relief, we need not consider Plaintiffs' argument that Ford's new warranty program dispenses with Count V and thus strips this Court of diversity jurisdiction.

6

## CONCLUSION

For the reasons stated above, Lhotka's motion to remand, (R.12-1), is granted.

Entered:

*Ruben Castillo*

**Judge Ruben Castillo**
**United States District Court**

Dated: June 1, 2000